## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| NORA M. ELEXPURU<br><br>  Plaintiff,<br><br>v.<br><br>WAL MART STORES INC., et al.,<br><br>  Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br><br>Civil No. 2:08 cv 684 JTG<br><br>Judge J. Thomas Green<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Nora Elexpuru filed suit under Title VII of the Civil Rights Act alleging employment discrimination.  Plaintiff filed a motion for appointment of counsel[1] on September 18, 2008, and a motion for service of process[2] on October 15, 2008.  For the reasons outlined below the court denies the motion to appoint counsel.

The court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 on September 9, 2008.[3]  Under the provisions of this statute "The court may request an attorney to represent any person unable to afford counsel."[4]  The appointment of counsel, however, is at the discretion of the court.[5]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the

---

[1] Docket no. 5.
[2] Docket no. 6.
[3] Docket no. 3.
[4] 28 U.S.C. § 1915(e)(1).
[5] *See McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985)*.

merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7]

In considering these factors and after reviewing Plaintiff's Complaint, the court concludes that (1) it is not clear yet whether Plaintiff has asserted any colorable claims; (2) the issues involved are not complex; and (3) Plaintiff is not incapacitated or otherwise unable to adequately pursue this matter.  Additionally, as a civil litigant Plainitff has no right to counsel.[8]

Therefore, the Court DENIES Plaintiff's motion for appointment of counsel.  As the case progresses, however, if appointed counsel is needed the Court will revisit the issue *sua sponte* and ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 9th day of December, 2008.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Id.*
[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).
[8] *See Moomchi v. Univ. of N.M.*, 1995 WL 736292, *3 (10th Cir. 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).